IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          CRIMINAL NO. 15-528 (ADC)(HRV)

[1] ANGEL VAZQUEZ-FIGUEROA,

Defendant.

**REPORT AND RECOMMENDATION**

Pro se defendant Angel Vazquez-Figueroa (hereinafter "Vazquez-Figueroa" or "Defendant") moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket No. 102). The motion remains unopposed by the United States. This matter has been referred to me by the presiding District Judge for report and recommendation. (Docket No. 104).

For the reasons set forth below, I recommend that Defendant's motion for reduction of sentence be DENIED.

**I.    BACKGROUND**

On August 19, 2015, a grand jury sitting in this district returned an indictment against Vazquez-Figueroa and another person charging him with one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Count One), one count of using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two), and one count of

1

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Docket No. 1). These charges relate to a robbery that occurred on June 15, 2015, at Farmacia Guayabal, which is located in the municipality of Juana Diaz, Puerto Rico.

Relatedly, for his participation in a robbery that took place on July 12, 2015, at the Rina Pharmacy in Guayama, Puerto Rico, Defendant was also charged by way of Grand Jury Indictment with one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951 and one count of using, carrying and brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Criminal No. 15-498 (ADC).[1]

Pursuant to a plea and forfeiture agreement, Vazquez-Figueroa pleaded guilty to Count One of the Indictment in this case, as well as Counts One and Two of the Indictment in Criminal No. 15-498 (ADC). (*See* Docket No. 19). On June 12, 2019, the Court held a consolidated sentencing hearing. (Docket No. 91). The Court sentenced Vazquez-Figueroa to 115 months of imprisonment as to Count One in this case and Count One in Criminal No. 15-498 (ADC) which had been grouped together in the Pre-Sentence Investigation Report ("PSR"). (Docket No. 84). The Court imposed 84 months of imprisonment as to Count Two of the Indictment in Criminal No. 15-498 (ADC), to be served consecutively to the robbery counts, for a total imprisonment sentence of 199 months. (*See* Docket No. 91; *see also* Judgment, Docket No. 92). Vazquez-Figueroa was also ordered to serve a total supervised release term of five-years. (*See* Criminal No. 15-

---

[1] It should be noted that although he was sentenced for Counts One and Two of the Indictment in Criminal No. 15-498 (ADC), Defendant has only moved for a sentence reduction in the instant case.

2

498 (ADC), Docket Nos. 136, 137). The sentence imposed by the Court was subsequently affirmed by the First Circuit. (*See* Docket Nos. 100, 101).

On June 17, 2025, Vazquez-Figueroa filed his *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket No. 102). The presiding District Judge referred the motion to me for report and recommendation on July 23, 2025. (Docket No. 104). Vazquez-Figueroa is currently housed at the FCI Jesup facility of the Bureau of Prisons ("BOP") and has an estimated release date of October 23, 2029.[2]

## II. APPLICABLE LAW AND DISCUSSION

Vazquez-Figueroa contends that a reduction of his sentence is warranted under 18 U.S.C. § 3582(c)(1)(A)(i) because his severe and debilitating opioid addiction is an extraordinary and compelling circumstance. According to him, had it not been for his addition, he would have never engaged in the offenses for which he was convicted and sentenced. Defendant asserts that for the past four years he has been enrolled in, and benefitted from, the Medication Assisted Treatment ("MAT"), a BOP program designed to address opioid use disorder. Upon receiving what he refers to as "life changing medication," Vazquez-Figueroa claims that he no longer craves opioids and has been able to make better choices because his addiction no longer clouds his mind. (Docket No. 102 at 3-4). Defendant further maintains that he has been able to repair the relationship with his family and that he has become a model prisoner. He cites U.S.S.G. § 1B1.13(b)(5) (other reasons), in support of his request for a sentence reduction.

---

[2] https://www.bop.gov/inmateloc/?os=vb.&ref=app# (last visited August 5, 2025).

3

Vazquez-Figueroa also avers that he is no longer a danger to the community and that the § 3553(a) factors weigh in favor of reducing his sentence. Specifically, he highlights that he committed his crimes while afflicted by his illness (drug addiction) and that no one was physically injured as a result of his offenses. Further, because he has addressed his substance abuse issue while incarcerated, the major cause of his criminal history is "in remission." (*Id.* at 4). Defendant says that he has a job waiting for him and a loving family willing to help him start a healthy and productive life. (*Id.*). Vazquez-Figueroa urges the Court to conclude that based on those reasons, any continued incarceration is "plainly unwarranted." (*Id.* at 5). He moves for a sentence reduction to time served followed by three years of supervised release.

**A. Legal Framework**

The so-called compassionate release statute allows a court acting on a defendant-filed motion "after the defendant has exhausted all administrative rights to appeal" and as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce [a] term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

4

To grant a motion under § 3582(c)(1)(A)(i), the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023). Whether the reasons advanced by the defendant are extraordinary and compelling is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued any policy statements applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th at 28. Subsequently, in *United States v. Trenkler*, 47 F.4th at 47-48, it was clarified that the holding in *Ruvalcaba* meant that district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors. The "any complex of circumstances" approach is shaped, however, by the arguments advanced by the defendant, such as when

5

the defendant presents separate arguments in support of his request rather than multiple arguments in favor of the sentence reduction. *United States v. Gonzalez*, 68 F.4th 699, 706 (1st Cir. 2023).[3]

It must be noted that the Sentencing Commission's policy statement regarding defendant-filed motions for sentence reductions is now in effect. *See* U.S.G.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as insructed in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

In said policy statement, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.* § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's

---

[3] The First Circuit subsequently explained that:

> [a] district court faced with a compassionate release motion has ample, yet not boundless, discretion at both steps. District courts may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief. Because the whole may be greater than the sum of its parts, district courts must be mindful of the holistic context of a defendant's individual case when deciding whether the defendant's circumstances satisfy the extraordinary and compelling standard. Yet this standard is narrow and stringent, because whether a reason is extraordinary and compelling is logically guided by the plain meaning of those terms.

*United States v. D'Angelo*, 110 F.4th 42, 49 (1st Cir. 2024) (citations and internal quotation marks omitted).

family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6). Relevantly, the policy statement provides that:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d).

The policy statement likewise requires the court to make a finding that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Factors to be considered in the dangerousness determination include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness that the release of the person would pose to any person or the community. 18 U.S.C. § 3142(g).

With the above legal framework in mind, I discuss whether Vazquez-Figueroa has met his burden to show that he is legally entitled to, and deserving of, a reduction of his sentence.

**B. Exhaustion of Administrative Remedies**

Before discussing the merits of defendant's claim, a threshold matter must be addressed. Prior to entertaining a defendant-filed motion for compassionate release, the

7

court must be satisfied that the defendant fully exhausted administrative remedies, or that 30 days elapsed without the director of the Bureau of Prisons having brought such a motion on the defendant's behalf despite a request to the warden of the defendant's facility, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Texeira-Nieves*, 23 F.4th 48, 52-53 (1st Cir. 2022).

In this case, Vazquez-Figueroa blanketly asserts that he has exhausted administrative remedies. (Docket No. 102 at 3). He states that he submitted his request to the warden of the USP Atwater facility and that 30 days have elapsed without the director of the BOP having filed a motion with the court on his behalf. However, the defendant has not submitted any corroborating evidence that he in fact did so, a matter as to which he carries the burden of proof. *See United States v. Nieves*, 615 F. Supp. 3d 73, 75 (D.P.R. 2022) (explaining that to exhaust administrative remedies, defendants must first request that the BOP file a motion for compassionate release on their behalf.).

Exhaustion will be deemed complied with if upon receiving a response from the warden denying the request, the defendant fully exhausts all administrative rights to appeal by following the BOP's Administrative Remedies Procedure. *Id.* (*citing* 28 C.F.R. § 542, subpart B, and 28 C.F.R. § 571.63(a)). Alternatively, a defendant can file a compassionate release motion in the district court if his request to the warden has gone unanswered for more than thirty (30) days. *United States* v. *Quiros-Morales*, 83 F.3d at 84.

Again, other than his uncorroborated statement, Vazquez-Figueroa has not put the court in a position to find that he in fact requested that the warden from his facility file a compassionate release motion on his behalf and that the BOP either denied the

8

request or did not act on it. Therefore, I must conclude that Vazquez-Figueroa has not shown that he fully exhausted his administrative rights to appeal as required by § 3582(c)(1)(A).

Notwithstanding the above finding, dismissal of the petition is not warranted in this case. The exhaustion requirement is not a jurisdictional bar; rather, it is a nonjurisdictional claim-processing rule. *United States v. Texeira-Nieves*, 23 F.4th at 53 ("In our judgment … [the] exhaustion requirement is not a jurisdictional limitation …."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023) (citations omitted); *see also United States v. Trinidad-Jorge*, No. Criminal No. 16-282 (ADC)(HRV), 2024 WL 1621069, 2024 U.S. Dist. LEXIS 72078 at *3, n.2 (D.P.R. Apr. 15, 2024) (same); *United states v. Waite*, No. 2:18-cr-00113-GZS, 2022 WL 2966505, 2022 U.S. Dist. LEXIS 133073, at *4 (D. Me. July 27, 2022) (exhaustion is mandatory unless waived or conceded by the Government).

By not responding to Vazquez-Figueroa's motion for sentence reduction, the United States has forfeited its right to raise failure to exhaust as a defense. Accordingly, I find that the Government has waived the exhaustion defense and that the compassionate release motion is properly before the Court.

**C. Discussion**

***1. Extraordinary and Compelling Reasons***

As stated above, Vazquez-Figueroa argues that his recovery from his severe addiction to opioids after availing himself of the MAT program while incarcerated qualifies as an extraordinary and compelling reason justifying a reduction of his sentence

to time served. Perhaps recognizing that his argument does not fall under any of circumstances outlined by the Sentencing Commission's policy statement, defendant relies on the catch-all provision found in section 1B1.13(b)(5): "Other Reasons." Such subsection provides that extraordinary and compelling reasons exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Here, Vazquez-Figueroa falls woefully short of establishing that his recovery from his severe and long-standing drug addiction is similar in gravity to circumstances such as serious medical conditions (including terminal illnesses), inability to receive adequate medical treatment in a prison setting, age-related circumstances, dire family circumstances, or being the victim of sexual abuse at the hands or direction of correctional officers. His recovery from his opioid abuse disorder, while commendable, does not rise to the level of such clearly extraordinary and compelling circumstances. His efforts to leave behind his drug addiction are not so unique to take the case beyond the mine-run or to distinguish from other similarly situated defendants benefitting from BOP programs or services. This reason for requesting early release is similarly not sufficiently powerful or convincing enough to justify a sentence reduction to time served. To hold otherwise would be akin to categorically affirm that any defendant with a history of drug addiction is entitled to compassionate release on the sole ground that he or she is benefitting from MAT or any similar program.

10

At bottom, the argument advanced by Vazquez-Figueroa is that his sentence should be reduced due to his rehabilitation. However, in the compassionate release context, and as previously underscored, rehabilitation standing alone is a prohibited consideration. *See* U.S.S.G. § 1B1.13(d); *see also United States v. Gonzalez*, 687 F.4th at 704; *United States v. Malpica-Garcia*, Criminal No. 04-217 (ADC)(HRV), 2024 WL 1172769, 2024 U.S. Dist. LEXIS 51793 at *7 (D.P.R. Mar. 19, 2024). Indeed, rehabilitation efforts and good conduct while in prison cannot by themselves satisfy the extraordinary and compelling reasons standard. *United States v. Chavez*, 534 F. Supp. 3d 176, 178 (D. Mass. 2021). Therefore, Vazquez-Figueroa has not met his burden to show that he is entitled to a reduction of his sentence.

### 2. Dangerousness and 18 U.S.C. § 3553(a)

In any case, assuming *arguendo* the existence of extraordinary and compelling reasons, I would still find that a reduction of Defendant's sentence to time served is inconsistent with the § 3553(a) factors. The weighing of the section 3553(a) factors encompasses a traditional exercise of discretion that will be upheld upon appellate review so long as the appellate court is able to "'discern to some extent a district court's reasoning' as to why it ruled as it did under § 3553(a)." *D'Angelo*, 110 F.4th at 49 (cleaned up).

Here, the seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against a reduction of sentence. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023). The sentence originally imposed remains sufficient and not greater than necessary. Moreover,

Vazquez-Figueroa has failed to establish that he no longer represents a danger to the community. He accepted responsibility for his participation in armed robberies of commercial establishments; his prior criminal history is significant; and other than his self-serving statements, he has not presented evidence that he has an adequate release plan.

### III.  CONCLUSION

For the reasons stated, I recommend that the motion to reduce sentence filed at Docket No. 102 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico this 5th day of August, 2025.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE